2002 OK CIV APP 81

STATE of Oklahoma, acting by and through the OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY, Plaintiff/Appellee,

v.

UNITED STATES BEEF CORPORATION, an Oklahoma corporation, Defendant/Appellant,

and

Francis Investments, an Oklahoma general partnership; Forrest Freeman, County Treasurer of Oklahoma County; and, Board of County Commissioners of Oklahoma County, Defendants.

No. 97,546.

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 16, 2002.

Rehearing Denied July 19, 2002.

James M. Waldo, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, OK, for Plaintiff/Appellee.

William J. Doyle, III, Doyle & Salisbury, Tulsa, OK, for Defendant/Appellant.

Opinion by CAROL M. HANSEN, Presiding Judge.

¶ 1 Defendant/Appellant, United States Beef Corporation (U.S.Beef), seeks review of the trial court's order granting summary judgment in favor of Plaintiff/Appellee, State of Oklahoma, acting by and through the Oklahoma Capitol Improvement Authority (State), in State's action for condemnation of property leased by U.S. Beef. We reverse and remand, holding U.S. Beef has standing to challenge the award of the commissioners.

¶ 2 U.S. Beef, an Arby's franchisee, has operated an Arby's restaurant since 1988 on property it leased in 1987 from Defendant, Francis Investments, at 3801 North Lincoln Boulevard in Oklahoma City. State filed its amended petition to condemn the subject property on April 18, 2000. It sought fee

title to the property in order to construct and operate the Lincoln Renaissance Project pursuant to its authority under 73 O.S.Supp.1997 § 161(5). The commissioners filed their report assessing compensation of $400,000.00 for the condemnation. State deposited the assessed amount with the court clerk on July 28, 2000.

¶ 3 U.S. Beef demanded jury trial. State moved for summary judgment, arguing U.S. Beef lacked standing to pursue a jury trial because it had agreed in its lease with Francis Investments it would not be entitled to any part of any condemnation award. U.S. Beef objected. The trial court granted State's motion. U.S. Beef appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp.1996, Ch. 15, App. 1.

¶ 4 The lease agreement between U.S. Beef and Francis Investments provided,

EMINENT DOMAIN: If at any time during the existence of this lease the City, County, State, or Federal authorities under any legal power or threat of eminent domain, shall acquire title to any portion of the premises, or any portion of the property in which the premises is located, and such taking does not materially adversely effect [sic] the LESSEE'S ability to use and enjoy the premises, then the rent herein stipulated shall be decreased in proportion to the amount of portion of the premises as shall be taken under such proceedings. If such taking materially adversely effects [sic] the LESSEE'S ability to use and enjoy the premises, then LESSOR or LESSEE may terminate this lease. In the event of any taking, LESSEE shall not be entitled to any portion of any award except for moving expenses, if allowed by law, and that portion of the award clearly attributable to LESSEE'S trade fixtures, if any.

The primary term of the lease was for five years, with two five year renewal options. U.S. Beef currently holds the lease under the second five year renewal term. According to John R. Davis, U.S. Beef's vice president, U.S. Beef remodeled the restaurant in 1998 and 1999 pursuant to an agreement with Francis Investments to extend the lease term beyond December 31, 2003.

¶ 5 In his affidavit, Davis stated neither U.S. Beef nor Francis Investments terminated the 1987 lease agreement. He said that on November 9, 2000, U.S. Beef entered a lease and remodel agreement for an alternate Arby's site at 3628 North Lincoln Boulevard as a substitute for the condemned premises. The restaurant moved to the new site in March 2001.

¶ 6 Private property may not be taken for public use without just compensation. Okla. Const. Art. 2, § 24. The word "property" as used in this section "include[s] every valuable interest which can be enjoyed as property and recognized as such." *Southern Kansas Ry. Co. v. Oklahoma City*, 1902 OK 63, 12 Okla. 82, 69 P. 1050, 1056. A lease agreement is such a property interest. *Perkins Whistlestop, Inc. v. State ex rel. Dept. of Transp.*, 1998 OK CIV APP 7, 954 P.2d 1251, 1254–1255. In a total taking, the rights of the lessee to share in the award become vested at the time of the taking, absent an agreement to the contrary. *Garibaldi v. Oklahoma Indus. Finance Corp.*, 1975 OK 108, 543 P.2d 555, 558. In a condemnation case, the taking is effective at the time the condemnor pays the compensation awarded by the commissioners to the owner, or into court for the owner. Okla. Const. Art. 2, § 24, and *Stinchcomb v. Oklahoma City*, 1921 OK 154, 81 Okla. 250, 198 P. 508.

¶ 7 The elements of damage in a condemnation case include relocation costs. *City of Oklahoma City v. Hamilton*, 1999 OK CIV APP 62, 984 P.2d 247, 250. A lessee's damages when a leasehold interest is taken is the difference between the fair rental value of the leased premises for the unexpired term of the lease and the rent reserved in the lease. *Garibaldi v. Oklahoma Indus. Finance Corp.*, 1975 OK 108, 543 P.2d 555, 558. However, a lessor and lessee may otherwise agree as to the apportionment of damages between them. A condemnor has no interest in the apportionment of damages between lessor and lessee. *Perkins Whistlestop, Inc. v. State ex rel. Dept. of Transp.*,

1998 OK CIV APP 7, 954 P.2d 1251, 1254 n. 2.

¶ 8 In the instant case, the taking was effective July 28, 2000, the date State paid compensation to the court clerk for the property owner. U.S. Beef's rights to share in the award vested at that time. On that date, U.S. Beef held a leasehold interest in the property pursuant to a written lease. The lease provision relating to eminent domain did not terminate the lease upon the property's condemnation; it merely gave the parties the option to do so. It did not provide U.S. Beef gave up its entitlement to part of any condemnation award; rather, it specified the manner in which the parties agreed to apportion the award. They agreed U.S. Beef would receive the portion of the award attributable to moving expenses and trade fixtures. Accordingly, U.S. Beef is the owner of private property taken for public use and is entitled to compensation. It has standing to demand jury trial and challenge the commissioners' award. The trial court's order granting summary judgment to State is REVERSED and this matter is REMANDED for jury trial.

ADAMS and MITCHELL, JJ., concur.